## Hecker *versus* Haak et al.

A judgment against a married woman before a justice of the peace, which does not affirmatively show her liability on a contract within the statute, is invalid, and a sheriff's sale on an execution issued upon a transcript of such judgment in the Common Pleas, confers no title upon the vendee.

November 28th 1878. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and TRUNKEY, JJ. MERCUR and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1878, No. 186.

Ejectment by George W. Hecker against John W. Haak, Clemens Haak, William Haak and Charles Haak, for a lot in the city of Meadville.

Jonas Knauss was the admitted common source of title in this case. In 1851 he died intestate, leaving a son and a daughter. The daughter's name was Sarah Ann. She was at the time of her father's death intermarried with Dr. John W. Haak, one of the defendants. Dr. Haak, her husband, was appointed administrator of her father's estate. In April 1853 Haak, as administrator of the estate, presented his petition to the Orphans' Court of Crawford county, asking leave to sell the premises now in dispute for the payment of the debts of Jonas Knauss. The sale was ordered, made and duly confirmed, and the premises were, in pursuance of said sale, duly conveyed to Isaac Kohn and Abram Adler, trading as Kohn & Adler. Kohn & Adler, by deed dated June 11th 1855, conveyed the same premises to F. W. Kirby, in trust, for the sole and separate use of Sarah Ann Haak, the wife of Dr. J. William Haak, and her heirs and assigns, and so long as she alone, or such

persons as she shall appoint, shall take and receive the rents, issues and profits thereof, and so as her said husband should not in anywise intermeddle therewith.

Shortly after the last-mentioned deed was made Mrs. Haak and her husband separated, Mrs. Haak going to New York, where she afterwards remained. In 1858, some years after Mrs. Haak had left, Kohn & Adler brought suit against Mr. and Mrs. Haak, before a justice of the peace. The transcript of the justice states the plaintiffs' claim to be for goods sold and delivered, clothing, groceries, provisions, necessaries, but does not state who contracted the debt. The summons is returned " served upon Wm. Haak personally, and by a copy left with him for Sarah Haak, his wife." The transcript further states that " Haak appears, examines the account, says it is right. Sarah does not appear, and thereupon judgment entered for plaintiff for $90.63." A transcript of this judgment was filed in the Common Pleas of Crawford county, and judgment entered against Haak and Sarah Ann, his wife. Execution was duly issued on this judgment, and the premises in dispute sold at sheriff's sale as the property of Mr. and Mrs. Haak, and on the 8th day of April 1859, was conveyed by the sheriff of Crawford county to Abram Adler. December 8th 1863, Abram Adler conveyed the same premises to Dr. J. W. Haak, in trust for Clemens Haak, William Haak and Charles Haak. Afterwards, John W. Haak brought suit in divorce against his wife, and obtained a decree August 15th 1863. In 1866, Hecker and Trantum brought suit against Sarah Ann Knauss, formerly Haak, and obtained judgment against her. By virtue of this judgment execution was issued, the premises in dispute levied upon and the property sold to the plaintiff as the property of Sarah Ann Knauss, formerly Haak. The plaintiff claimed that the first sale of the property on the judgment against Haak and wife did not divest the title of the wife, the judgment being a nullity as to her, and that he obtained a good title by the second sale.

At the trial the defendants offered in evidence the record of the Court of Common Pleas at November Term 1858, wherein Kohn & Adler were plaintiffs and John W. Haak and his wife were defendants, to which the plaintiff's counsel objected that the record shows no judgment against Sarah Ann Haak, the wife. Also, that the record shows no liability on her part, and that any judgment entered against her or her estate before the justice or in the Common Pleas, by virtue of the justice's transcript was void and a nullity as to her. The court overruled the objections and admitted the evidence. Exception.

The following points were presented by plaintiff, all of which the court refused:

1. That the judgment given in evidence of Kohn & Adler *v.* John W. Haak and Sarah A. Haak, his wife, was void as to Sarah

[Hecker *v.* Haak.]

A. Haak, 'the wife, and that the sale of the wife's property under and by virtue of it was a nullity and conferred no title on the purchaser.

2. That as the title to the property now in dispute, at the time of the sheriff's sale of the same to Abram Adler, under and by virtue of said judgment, was vested in F. W. Kirby, in trust nevertheless, and for the uses following, and no other, that is to say, for the sole and separate use of Sarah Ann Haak, the wife of Dr. J. William Haak and her heirs and assigns, and so as she alone, or such person as she shall appoint, shall take and receive the rents, issues and profits thereof, and so as her said husband shall not in any wise intermeddle therewith, with power to the said second party (F. W. Kirby), his heirs and assigns, to sell or convey the said lot or piece of land, with the appurtenances, in fee simple to any person or persons, and for such sum or sums of money as the said Sarah Ann Haak in her life, by writing, under her hand and seal duly acknowledged may appoint and direct; and on failure of such appointment and direction, to hold in trust, as aforesaid, for her heirs, according to law.    And as the said Sarah A. Haak at the time of· making said deed was the wife of Dr. John W. Haak, and continued his wife until after the said sale and conveyance of said land to Abram Adler, he (Abram Adler) acquired no title to the same by said sale.

3. That under all the evidence in the case the verdict should be · for the plaintiff.

In their general charge the court said:

"It is unnecessary to take up your time further with this case. It is all record evidence.    It becomes the duty of the court to decide the law of the case.    We have answered the plaintiff's points in the negative, hence your verdict will be for the defendants."

Verdict for defendants accordingly, and plaintiff took this writ assiging for error the admission of the above evidence, the answer · to points and the portion of the charge noted.

*J. B. Brawley*, for plaintiff in error.—The record shows no service, no appearance or judgment against Mrs. Haak, and there is nothing in the transcript which authorized the prothonotary to enter judgment.

In an action against husband and wife, brought with a view of charging the wife's separate estate, the plaintiff must set forth in his pleadings such facts as bring the case within some one of the exceptions contained in the Act of April 11th 1848 :    Murray et al. *v.* Keyes et ux., 11 Casey 384; Caldwell *v.* Walters, 6 Harris 79; Cumming et ux. *v.* Miller et al., 3 Grant 146; Dorrance *v.* Scott, 3 Wharton 309 ; Parke et ux. *v.* Kleeber & Bro., 1 Wright 251; Graham et ux. *v.* Long, 15 P. F. Smith 383; Swayne *v.*

[Hecker v. Haak.]

Lyon, 17 Id. 436; Berger et ux. v. Clark, 29 Id. 340; Lloyd et ux. v. Hibbs, 31 Id. 306; Dearie et ux. v. Martin, 28 Id. 55.

A sheriff sale of the real estate of a married woman on such a defective judgment conveys no title to the purchaser. Caldwell v. Walters, 6 Harris 79; Graham et ux. v. Long, 15 P. F. Smith 383.

*D. C. McCoy* and *C. M. Boush*, for defendants in error.—The jurisdiction of the justice appears on the face of the record, and is binding until reversed in a legal mode: Buckmyer v. Dubs, 5 Binn. 29; Stewart v. Thompson, 2 Ash. 120; Fisher v. Nyce, 10 P. F. Smith 107; Sloan v. McKinstry, 6 Harris 120. A transcript thereof filed in the Common Pleas is in effect a judgment of that court, and as such cannot be treated as a nullity: Walker v. Lyon, 3 P. & W. 98; Sloan v. McKinstry, *supra.* The acknowledgment of the sheriff's deed covers all irregularities in the proceedings and process: Shields v. Miltenberger, 2 Harris 76; McFee v. Harris, 1 Casey 102.

The plaintiff is a stranger to the judgment, and cannot impeach it collaterally: Wood v. Bayard, 13 P. F. Smith 320. No one but the defendant in an irregular execution, can take advantage of its irregularity: Wilkinson's Appeal, 15 P. F. Smith 189; Drexel's Appeal, 6 Barr 272; Hauer's Appeal, 5 W. & S. 473; Yaple v. Titus, 5 Wright 195; Warder v. Tainter, 4 Watts 270.

Mr. Justice TRUNKEY delivered the opinion of the court, January 6th 1879.

Defendants' counsel urged that the plaintiff is a stranger, and that Sarah A. Haak is not complaining. Both parties claim under her, and as rightly as if each had actually contracted with her for the land. Had she given the defendants a deed in which her husband did not join, it would be useless; but if, by virtue thereof, they should claim title it would be under her. Her deed lawfully executed to the plaintiff, at a later date, would enable him to recover the land. Like principle governs when each claims under a sheriff's sale. The holder of real estate under a valid sheriff's deed succeeds to all the rights and estates of him for whose debt the same was sold, that the debtor had or could have at and before the taking thereof in execution: Act 1836, sect. 66, Purd. 651, pl. 82.

Conceding for the present that the plaintiff's second point was well refused, then the defendants' right depends on the validity of the judgment, as against Mrs. Haak, which is the base of their title. If that judgment is merely voidable their title is good. Its reversal, after the sheriff's sale, would not prejudice the purchaser: Act 1705, Purd. 651, pl. 84. But if void her title continued as if there had been no sale. Acknowledgment of a sheriff's deed cures mere irregularities which do not render the officer powerless,

7 NORRIS—16

but does not bar the right of any person when there was no judgment or execution whereon to ground the sale: Shields *v.* Miltenberger, 2 Harris 76. A vend. ex. must be supported by a previous levy or the sale is void: Burd *v.* Dansdale, 2 Binn. 80. Sale by process on a void judgment vests no title in the purchaser, for it is as if the process were issued without judgment: Caldwell *v.* Walters, 6 Harris 79.

The transcript shows that Sarah A. Haak was a married woman; that the summons was not served upon her; that she did not appear; that her husband appeared and said the account was right, and upon that the magistrate gave judgment; that the plaintiff's claim was "for goods sold and delivered, clothing, groceries, provisions, necessaries." Hence, it is patent on the face of the record that there was neither claim nor proof of a debt for which she was liable. Such a judgment against a married woman, at common law, is a nullity. What statute authorizes it? Repeated adjudications have settled that a judgment cannot be recovered against a married woman under the Act of 1848, unless the pleadings make a case within its provisions. Also that a mechanic's claim is no lien against her estate when it does not show on its face that the work was done and material furnished upon her contract and for the proper improvement of her property. She cannot give a valid warrant of attorney to confess judgment, even for a debt contracted by herself for necessaries used by herself and family. A judgment on such warrant, though in legal contemplation the judgment of the court, is a nonentity. The only exception is where the warrant and judgment are for purchase-money of real estate conveyed to her, which may be enforced against the land itself, but not against her other lands or goods. While a married woman's property is secured to her by statute and also means provided for her enjoyment and disposition thereof, many of her common-law disabilities, safeguards rather, remain. Her coverture is an absolute protection against every contract not authorized by legislative enactment. When judgments in the Court of Common Pleas, on bonds with warrant of attorney and on defective mechanics' claims, are void, one before a justice of the peace, which does not affirmatively show her liability on a contract within the statute, is invalid. In a forum where there is little form there ought to be substance, and the very gist of a judgment on contract of a married woman is its allowance by statute which should appear on the record. To hold the judgment on which defendants' title rests, valid against Mrs. Haak, would be to strike down a common-law security for married women and wide open the door for sweeping away their estates.

Judgment reversed, and a *venire facias de novo* awarded.