# Kountz v. National Transit Company.

*Ejectment—Record title—Execution—Failure of plaintiff's title.*

In an action of ejectment where the defendant is in possession under color of title, plaintiff cannot recover where it appears that his only claim to the title is under an execution issued on a judgment entered on a note of a date subsequent to the date of the death of the alleged maker.

Argued Oct. 15, 1900. Appeal, No. 51, Oct. T., 1900, by plaintiff, from judgment of C. P. Venango Co., Nov. T., 1898, No. 78, on verdict for defendant in case of W. J. Kountz, trustee for the persons named in the last will of P. W. Kountz, v. National Transit Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for a lot of land in Oil City. Before Criswell, P. J.

At the trial it appeared that the defendant was in possession under a color of title by reason of certain tax deeds. It was not disputed that prior to December 29, 1866, title was in W. H. Adams, who on that day conveyed the lots to J. R. Patterson & Company in fee simple. The deed did not show who composed the firm of J. R. Patterson & Company. The evidence was uncontradicted that J. R. Patterson died on January 18, 1868. On July 19, 1886, judgment was entered on a judgment note bearing date July 23, 1881, purporting to have been given by J. R. Patterson & Company to W. J. Kountz for $3,950. Plaintiff claimed under a sale on execution issued on this judgment. The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* amongst others was in giving binding instructions for defendant.

*Bryan H. Osborne*, with him *John O. McCalmont*, for appellant.—The note, judgment, execution, sale and deed were admitted without objection, and there was no contention either that the note was not executed by a member of the partnership

named in the Adams deed, or that it was not for a just debt of the partnership. That it was for a partnership debt must be presumed : Evans v. Watts, 192 Pa. 112; Morris v. Wallace, 3 Pa. 319; Grier v. Hood, 25 Pa. 430; Miller v. Royal Flint Glass Works, 172 Pa. 70; Boyd v. Thompson & Coxe, 153 Pa. 78; Campbell v. Floyd, 153 Pa. 84; Shipe's App., 114 Pa. 205; Fulton v. Central Bank of Pittsburg, 92 Pa. 112; Meyran v. Abel, 189 Pa. 215; Erwin's App., 39 Pa. 535; Evans v. Watts, 192 Pa. 112; Meily v. Wood, 71 Pa. 488; Oliver's Est., 136 Pa. 43.

In any case the plaintiff's title, acquired by judicial sale upon an unimpeached judgment, the sheriff's deed having been duly acknowledged, cannot now be attacked collaterally, least of all by this defendant: McFee v. Harris, 25 Pa. 102; Benninghoff v. Stephenson, 161 Pa. 440; Hageman v. Salisberry, 74 Pa. 280; Weaver v. Brenner, 145 Pa. 299; Kennedy v. Baker, 159 Pa. 146.

*H. McSweeney*, with him *J. H. Osmer*, *A. R. Osmer* and *N. F. Osmer*, for appellee.—J. R. Patterson being the only defendant named upon the record in the judgment entered to No. 206, April term, 1886, and he having died long prior to the entry of said judgment and many years before the date of the note on which such judgment was confessed, the judgment so entered was absolutely void as to him, and his name must be stricken from the record, and if so stricken from the record the judgment would only remain against the " & Co.," a name too indefinite to sustain a judgment: McConnell v. Apollo Savings Bank, 146 Pa. 79; Mexican Mill Co. v. Yellow Jacket Silver Mining Co., 97 Am. Dec. 510; Castle v. Reynolds, 10 Watts, 51; Dellone v. Wagner, 2 York Legal Record, 41.

The defendant had the right in this case to attack the title set up by the plaintiff as the purchaser of the property in controversy at the sheriff's sale made in pursuance of proceedings on the judgment entered against J. R. Patterson & Company to No. 206, April term, 1886, and to show that the plaintiff acquired no title by reason of her purchase at said sale: Breckwoldt v. Morris, 149 Pa. 293; Pall v. Willis, 69 Tex. 261; In re Sawyer, 124 U. S. 220; Sidensparker v. Sidensparker, 83 Am. Dec. 527; Henderson, Ferry & Co. v. Thornton, 37 Miss. 448;

Bergeman v. Hutcheson, 60 Miss. 872; Otterson v. Middleton, 102 Pa. 86 ; Sager v. Mead, 164 Pa. 132; Smith v. Wildman, 178 Pa. 245 ; Weaver v. Brenner, 145 Pa. 299 ; Hoffman v. Coster, 2 Wharton, 453.

A sale under a void judgment vests no title in the purchaser : Camp v. Wood, 10 Watts, 118 ; Caldwell v. Walters, 18 Pa. 79 ; Spencer v. Jennings, 114 Pa. 618; Vandyke v. Wells, 103 Pa. 49 ; Dorrance v. Scott, 3 Wharton, 309 ; Hecker v. Haak, 88 Pa. 239 ; Hugus v. Glass Co., 96 Pa. 160; March v. Mc-Cardle, 1 Dist. Rep. 677; Burd v. Dansdale, 2 Binn. 80.

PER CURIAM, October 22, 1900 :

Defendant was in possession under color of title. Whether its title under the tax deeds was good or not is not material until plaintiff has shown at least a prima facie title in himself. This he failed to do. He claims under a sale on execution against J. R. Patterson & Company in 1886, on a judgment founded on a note made in 1881. It is admitted that title to the land was in J. R. Patterson & Company in 1866, but defendant gave uncontradicted evidence that the Patterson who as individual or as one of a firm owned the land in 1866, died in 1868. The judgment on which plaintiff's title rested was therefore either void because entered against a dead man, or was against a different J. R. Patterson from the one to whom the land was conveyed by Adams in 1866. In either case plaintiff's title failed even against one who held the bare possession. The tax sale deeds put in evidence by defendant were superfluous ones, but their admission did plaintiff no harm. On the undisputed evidence plaintiff showed no title in himself and the verdict was properly for defendant.

Judgment affirmed.