## Benedict *v.* Zimmerman, Appellant.

*Will—Devise—Tenants in common.*

Testator devised land to two persons "provided, however, that in the event of the death of either of said devisees without heirs of their bodies begotten, the survivor shall inherit the share of the one so dying in the real estate hereby devised." *Held,* that if one of the devisees conveyed his interest to the other, the latter would take the entire title to the land.

Argued March 6, 1906. Appeal, No. 62, Jan. T., 1906, by defendant, from judgment of C. P. Franklin Co., April T., 1905, No. 380, for plaintiff on case stated in suit of Jacob Lemaster Benedict v. Emma Maude Zimmerman. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Case stated to determine marketable title to an interest in real estate.

From the record it appeared that the plaintiff and defendant, were tenants in common of land bequeathed to them by Jacob Lemaster, and that the defendant had agreed to purchase the interest of the plaintiff in the land. The material portion of the will of testator was as follows:

"Item. I will and devise to Jacob Lemaster Benedict and Emma Maude Benedict, children of Daniel and Mary A. Benedict, as tenants in common all that farm situated in Peters Township, . . . . provided, however, that in the event of the death of either of said devisees without heirs of their bodies begotten, the survivor shall inherit the share of the one so dying in the real estate hereby devised. . . ."

The court entered judgment for plaintiff on the case stated.

*Error assigned* was the judgment of the court.

*W. O. Nicklas,* for appellant.

*W. U. Brewer,* and *J. R. Ruthrauff,* for appellee.

PER CURIAM, May 7, 1906:

Under the will of their ancestor the parties are tenants in common in the land, subject to the condition of the proviso

" that in the event of the death of either of said devisees without heirs of their bodies begotten, the survivor shall inherit the share of the one so dying in the real estate hereby devised." By whatever name the condition may be called technically, it is clear that the entire estate in fee is vested in the two tenants in common and when one conveys his whole interest to the other the latter will have the entire title.

Judgment affirmed.