West *v.* Watkins (et al., Appellant).

Argued March 3, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Willard M. Henkelman,* with him *Joseph C. Kreder,* and *Warren, Hill, Henkelman & McMenamin,* for appellant.

*Thomas M. Hart,* with him *Maurice V. Cummings* and *Leo A. Southard,* for appellees.

OPINION BY GUNTHER, J., June 10, 1959:

This appeal is from the decree of the court below in which the validity of a mortgage on real estate was questioned by an action in equity and in which the mortgage was held void in part. The unusual facts may be summarized as follows:

Eugene Brigham and Catherine Brigham held themselves out publicly as husband and wife from the year 1924 to November, 1949. During this period, they purportedly lived together under a common law marriage. However, each of the parties at the time were married to other individuals who were still living and undivorced. During this meretricious relationship, on August 26, 1949, they acquired title to a piece of real estate, and the deed purportedly conveyed title to them as tenants by the entireties. Simultaneously with the acquisition of title, having secured a mortgage loan from the Citizens Savings and Loan Association, they executed a bond and mortgage in the amount of $4,250.00 covering the property acquired. The borrowers represented themselves to be husband and wife, and the mortgagee honestly and innocently relied on such representations.

On November 13, 1949, Eugene Brigham died intestate, leaving to survive him as his heirs and next of kin four children, appellees herein, who became the owners of an undivided one-half interest in the real estate involved. No letters of administration were taken out on the estate of Eugene Brigham. At the time of

his death, there was a balance of $2,726.28 due on the mortgage on which Catherine Brigham continued to make installment payments until her death on May 6, 1954. At that time, the mortgage balance had been reduced to $671.81. Upon her death, she left surviving her lawful husband, Benjamin Watkins, and some sisters and a brother. These persons were not parties to the action in the court below.

On June 15, 1954, William Watkins, falsely holding himself out as the son of Catherine Watkins Brigham, probated a paper purporting to be the Last Will and Testament of Catherine Brigham, in which the real estate, inter alia, was devised to her alleged son, William Watkins. Letters of administration c.t.a. were thereupon issued to William Watkins. The will was forged by William Watkins after the death of Catherine Watkins Brigham, and William was not her son. These facts were known and subsequently admitted by William Watkins, but were not known either by the Register of Wills or the mortgagee. On August 30, 1954, William Watkins, as administrator c.t.a. of the Estate of Catherine Brigham, presented a petition to the Orphans' Court of Lackawanna County, seeking authority to borrow $5,000.00 for the payment of debts of the decedent. On the same day, an order was entered authorizing him to borrow said sum and to execute and deliver a bond and mortgage on the real estate here involved. Additional bond in the sum of $2,000.00 was ordered to be posted.

Subsequently, based upon a bond and mortgage previously executed by Watkins in his individual and fiduciary capacity, the appellant, Citizens Savings and Loan Association, granted the loan in the amount of $5,000.00. The proceeds of the loan were used to pay off the balance still due on the original mortgage in the amount of $671.81; the sum of $144.87 was with-

held for payment of inheritance taxes on the Estate of Catherine Brigham, deceased; and the balance of $4,111.32 was paid to the attorney for the administrator c.t.a. of the estate.

The appellees made no claim to any interest in the said real estate until December, 1954, when an action in partition was instituted. As a result of said action, the property was sold and the proceeds thereof were substituted for the real estate and awaiting distribution. On July 1, 1957, appellees instituted the present proceedings in equity in which they sought to have the bond and mortgage executed by William Watkins to Citizens Savings and Loan Association declared null and void. After hearing, the court below decreed that the bond and mortgage, insofar as the rights of the appellees are concerned, are null and void except as to the balance of $671.81 due originally on the first mortgage executed by Eugene Brigham and Catherine Brigham; it further held that the mortgage and bond, insofar as the Estate of Catherine Brigham is concerned, is valid and could not be attacked by the appellees.[1] From this adjudication, the appellant, Citizens Savings and Loan Association has taken this appeal.

Appellant contends that the real estate belonging to the heirs of Eugene Brigham is bound by the lien of the mortgage and bond executed by William Watkins because (1) the heirs are estopped from asserting their interest as against the mortgagee, and (2) that they are guilty of laches.

---

[1] We are not concerned with this portion of the decree since the parties who could challenge the validity of the bond and mortgage regarding the ownership of Catherine Brigham were not parties to the original action and are not parties to this appeal. The administrator, who forged the will, could hardly have represented properly and did not, in fact, represent such interest.

The basis upon which appellant seeks to invoke the doctrine of estoppel is upon the misrepresentation of Eugene Brigham to it that he and Catherine Brigham were husband and wife. If the mortgagee sought to enforce the validity of the mortgage against the original mortgagors, there might be some basis for invoking the doctrine of estoppel. However, under the circumstances of this case, we cannot apply the equitable doctrine of estoppel. When Eugene Brigham and Catherine Brigham took title to the real estate, they did so as tenants in common notwithstanding the designation in the deed as husband and wife. See *Teacher v. Kijurina*, 365 Pa. 480, 76 A. 2d 197. The mortgage placed against the property was, without question, a valid mortgage as against them, regardless of their marital designation in the deed. Insofar as the first mortgage is concerned, the heirs of both mortgagors would be bound by the action of their ancestors. To this extent, therefore, both under the rule of law as to unjust enrichment and under the doctrine of estoppel, the heirs would be precluded from setting aside the validity of the mortgage. The conclusion of the court below, to the effect that the balance due on the first mortgage at the time of death of Catherine Brigham was a lien against the property as a whole, was proper and consistent with our views.

However, we cannot agree with appellant that this doctrine should be visited upon the heirs of Eugene Brigham when an independent and clearly fraudulent act intervened. The loss suffered by appellant was due directly and exclusively to the fraudulent act of William Watkins when he forged a will purporting to be that of Catherine Brigham, when he claimed to be the sole heir and legatee under said will, and when he fraudulently procured authority to encumber real estate to which he had no title and which he could not

administer. While it is true, as appellant contends, that it acted in good faith in relying on the record and in ignorance of the true facts surrounding the criminal intent of William Watkins, the inescapable fact remains that the title and interest of innocent people cannot be encumbered by a thief. Upon the death of Eugene Brigham, title to his undivided one-half of the real estate vested in his heirs. When Catherine Brigham died, she possessed no legal right to devise this undivided interest to anyone. If she could not devise the interest belonging to the heirs of Eugene Brigham, the forgery of authority on her behalf by Watkins could rise no higher than any act even if attempted by her. We know of no instance where the doctrine of estoppel was or could be successfully invoked against title of innocent persons through the forgery of title or indicia of title, and any encumbrance placed in reliance on such title must fall.

Neither can we agree with the contention that appellees were guilty of laches. Appellees took legal steps to protect their interests about five years after their rights accrued. There is nothing in the record to indicate that appellees knew of their rights immediately after the death of their father. Furthermore, the Act of 1785, March 26, 2 Smith Laws 299, section 2, 12 P.S. section 72 provides that such action as the instant one may be brought within twenty-one years from the time the action accrued.

Decree affirmed.