First Federal Savings and Loan Association of Greene County *v.* Porter (et al., Appellant).

Argued March 21, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN and EAGEN, JJ.

reargument refused July 27, 1962.

*Allen N. Brunwasser,* for appellant.

*James L. Poth* and *James A. Danahey,* for appellee.

*Herman . L. Foreman,* with him *Emil W. Herman,* and *Rothman, Gordon and Foreman,* for appellees-intervenors.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

This is an appeal, from an order in the court below, refusing to open a judgment and set aside a sheriff's sale of real estate on a writ of execution issued on the judgment.

The factual history is long and involved. The more salient facts in chronological order are as follows:

(1)  On February 7, 1950, Sydney Klein and others conveyed a fee simple title in the real estate involved to Amos Porter and Essleen Porter, who were described in the deed as man and wife.

(2)  On February 7, 1950, Amos Porter and Essleen Porter, the grantees in the deed, again describing themselves as man and wife, executed and delivered to Sydney Klein, a purchase money mortgage on the real estate, which was duly recorded. At the same time, they executed and delivered a bond and warrant to confess judgment in double the amount of the principal sum due under the mortgage.

(3)  Sydney Klein subsequently assigned his complete interest in the bond and mortgage to the Mortgage Service Corporation of Pittsburgh, which later reassigned the bond and mortgage to the First Federal Savings and Loan Association of Greene County.

(4)  Subsequently Essleen Davenport instituted an action in equity against Amos Porter. Judgment pro

confesso was entered therein on November 27, 1951, in favor of the plaintiff. The court decreed that Essleen Davenport was not the wife of Amos Porter and that title to the mortgaged property was held as tenants in common.

(5) Later, on December 14, 1951, Amos Porter and Essleen Porter by deed conveyed their interest in the property to Essleen Davenport. This deed was not recorded until September 10, 1958.

(6) On August 15, 1958, Essleen Davenport (Porter) was killed in an automobile accident.

(7) On September 25, 1959, letters of administration in Essleen Davenport's Estate were granted to her daughter, Vesslen Harrell.

(8) The administratrix of the estate instituted an action in ejectment wherein Amos Porter was the named defendant. A final judgment was entered for the plaintiff.

(9) On June 10, 1959, the mortgage being in default, the mortgagee, First Federal Savings and Loan Association of Greene County, entered judgment on the bond and warrant accompanying the mortgage against Amos Porter only.

(10) On the same day, a writ of fieri facias issued on the judgment, the sheriff levied upon the mortgaged property and advertised it for sale.

(11) Vesslen Harrell, the administratrix of Essleen Davenport's Estate, visited the offices of the mortgage loan association, paid $500 on the mortgage, requested and secured a postponement of the sale. The writ of execution was stayed.

(12) On October 7, 1959, an alias writ of fieri facias issued. The sheriff again levied upon the mortgaged property and readvertised it for sale on November 2, 1959. The defendant in the writ was Amos Porter, the judgment debtor.

(13) No notice of the issuance of this alias writ, or the intended sale, was personally served on Vesslen Harrell, the administratrix. However, personal service was given to Amos Porter and, in addition, the sale was advertised in the newspapers and notices of the sale were posted on the property. In these notices, Amos Porter was listed as the sole owner, or reputed owner, of the property.

(14) The property was sold by the sheriff on November 2, 1959. An innocent third party, one Joseph Pierce, was the successful bidder for the sum of $2000. He instructed the sheriff to name Samuel Gladstone as grantee in the sheriff's deed.

(15) On November 6, 1959, the sheriff and the loan association were served with a copy of a petition to open the judgment and to set aside the sheriff's sale, signed by Vesslen Harrell, as administratrix of the Estate of Essleen Davenport. Therein, it was stated, inter alia, that Amos Porter and Essleen Porter or Davenport were never married and hence not man and wife. The petition was presented to the court on November 9, 1959.

(16) On November 16, 1959, no exceptions having been filed, the sheriff's sale was confirmed absolutely. On November 24, 1959, the sheriff's deed was filed of record. On March 19, 1960, the sheriff's return on the sale was confirmed nisi. On March 30, 1960, no exceptions having been filed, the sheriff's return was confirmed absolutely.

(17) On December 2, 1959, the court entered an order, dismissing the petition to open judgment and set aside the sale.

(18) Reargument was subsequently granted. Joseph Pierce and Samuel Gladstone were permitted to intervene. Depositions were taken, wherein Vesslen Harrell testified that her mother was married to her father, Jack Davenport, who was still living; that they

were never divorced; and, that her mother never married Amos Porter. On January 18, 1962, the court again dismissed the petition. This appeal followed.

## Petition To Open Judgment

This request was correctly denied. Aside from the rather dubious legal right of a stranger to the judgment involved to attack its validity, no meritorious defense was pleaded, which is vital in such a proceeding. In fact, there is no contention that the mortgage is not in default; nor denial that the debt is due and owing.

If we consider it as a motion to strike, it still lacks legal foundation. The judgment, as entered, is valid. A judgment could not legally be entered against Essleen Davenport Porter, or her estate, after her death by virtue of the confession in the bond and warrant. Her demise automatically terminated the warrant of attorney to confess judgment: *Lanning v. Pawson,* 38 Pa. 480 (1861) ; *Kummerle v. Cain,* 82 Pa. Superior Ct. 528, (1924) ; and LADNER, Conveyancing In Pennsylvania, §9.21, page 256 (3d ed. 1961). To the contrary, a judgment could properly be entered against the survivor of the two obligors, namely, Amos Porter: *Woodward v. Carson,* 208 Pa. 144, 57 A. 342 (1904) ; *Croasdell v. Tallant,* 83 Pa. 193 (1876).

## Motion To Set Aside Sheriff's Sale

It is appellant's prime contention that the execution proceedings and subsequent sheriff's sale are void, because the Estate of Essleen Davenport was not made a party to the action and the administratrix was not given notice thereof as required by law. The appellees, on the other hand, contend: (1) that Amos and Essleen owned the property as joint tenants with the right of survivorship as of the date of the mortgage; (2) that any subsequent deeds of conveyance or court actions,

regarding the marital relationship of the mortgagors, could not affect the rights of the mortgagee, who was not a party thereto; (3) that upon the death of Essleen, complete title vested in the surviving Amos; (4) that, therefore, when the writ of execution issued Amos was the only party in interest and notice to others was not required; (5) that, in any event, the estate whose rights rise no higher than the original mortgagor is now estopped from asserting that Amos and Essleen were not in fact man and wife since they falsely represented themselves so to be and upon this representation the credit was extended.

The deed of February 7, 1950, did not operate to convey an estate by the entireties. Such tenure is peculiar to the state of marriage: *Simpson v. Simpson*, 404 Pa. 247, 172 A. 2d 168 (1961). Nor did it create a joint tenancy or dual ownership with the right of survivorship. Such an intention must be clearly expressed in the deed to be legally effective, where the grantees are not, in fact, man and wife. A deed which merely describes the grantees as man and wife, when in fact they are not, is not sufficient: *Teacher v. Kijurina*, 365 Pa. 480, 76 A. 2d 197 (1950). See also, *Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948); and, *Bove v. Bove*, 394 Pa. 627, 149 A. 2d 67 (1959). Therefore, by the deed of February 7, 1950, the grantees were tenants in common and no right of survivorship attached, *Teacher v. Kijurina*, supra. Then, as a result of the deed of conveyance of December 14, 1951, Essleen Davenport became the sole owner of the title to the property, and her estate was such upon the date the writ of execution issued: See, *Benedict v. Zimmerman*, 215 Pa. 155, 64 A. 333 (1906).

What notice, then, if any, of the execution and sheriff's sale, did the law require to be given to her estate?

Under the provisions of the Act of May 6, 1929, P. L. 1557, §1, as amended, 21 PS §804, mortgaged

real estate could be sold under a judgment confessed in a bond accompanying a mortgage upon a writ of fieri facias without inquisition or other writ.[1] The lien of the judgment relates back to the date of the mortgage because it represents the identical debt secured by the mortgage: *West Arch B. & L. Assn. v. Nichols*, 303 Pa. 434, 154 A. 703 (1931). The Act of 1929, supra, provided a special procedure of foreclosure in favor of mortgagees. It did not change the nature of the action which is to collect the mortgage debt in default. Nor did it change the judgment from one in rem to one in personam, or vice-versa: *West Arch B. & L. Assn. v. Nichols*, supra.

The Act of 1929, provided that the sheriff shall give notice of a sale thereunder "in the manner now provided by law." The notice required in this case was, therefore, basically prescribed in the Venditioni Exponas Act of June 16, 1836, P. L. 755, §62, 12 PS §2443, which was then extant, and required (1) the posting of a handbill on the property at least ten days before the sale giving notice of the hour, day and date of sale, and a description of the property; and, (2) notice to the defendant. However, the Act of July 22, 1919, P. L. 1089, §1, 45 PS §81, which supplemented the Act of 1836, was also operative and controlling. This statute provided that the notice of such a sale should be given by posting, plus newspaper advertisements, over a period of three weeks and specifically stated that these notices shall include, inter alia, *the names of the owners or reputed owners of the property to be sold.*

Further, the rules of the Court of Common Pleas of Allegheny County, specifically Rule No. 32(a), which

---

[1] Sweeping changes were made in the form, scope of, and notice required in connection with writs of execution by amendments to the Rules of Civil Procedure, effective November 1, 1960. However, these amendments were subsequent to the dates involved herein and do not apply.

was in effect when the writ of execution was issued in the instant case required that, in all judicial sales, the advertisements published in the newspapers giving notice of a sale, *shall include the names of the owners or reputed owners of the property to be sold.*

The clear effect and intent of the Act of 1919, supra, and the rule of court mentioned was to require that all interested parties be given notice before a property was forfeited at a judicial sale.

It would appear to us, therefore, that in the absence of actual notice to the then real owner of the property, the failure to include in the handbills or in the newspaper advertisements the name of the then real owner of the property vitiated the proceedings and sale, was violative of prescribed statutory procedure, and constituted the taking of property in violation of due process of law. The procedure in connection with the foreclosure of mortgages is purely statutory and the requirements must be strictly followed. See, *Federal Land Bank of Baltimore v. King,* 294 Pa. 86, 143 A. 500 (1928).

We are fully aware that in *Morris v. Campbell,* 186 Pa. 589, 40 A. 1014 (1898), and *Keene Home v. Startzell,* 235 Pa. 110, 83 A. 584 (1912), this Court ruled that where a judgment is entered on a warrant of attorney accompanying a bond and mortgage, and the property is sold in execution by the sheriff after the mortgagor has parted with title to the property, that the new owner need not be made a party to the proceeding or given notice thereof. These decisions, however, antedate the Act of 1919, supra, and rule of procedure spelled out hereinbefore and are not controlling.

Nor can the doctrine of estoppel be invoked in connection with the execution proceedings. We must bear in mind that the validity of the mortgage and warrant are not herein involved or questioned. See, *West v. Watkins,* 190 Pa. Superior Ct. 29, 151 A. 2d 789

(1959). Neither is the date the lien affixed. The mortgage and warrant are valid and an alias writ of execution with proper notice may still be pursued. We further consider it significant that the mortgagee accepted a payment on the indebtedness from the estate a few months before the alias writ issued and was thus given notice of the fact that the estate enjoyed some interest in the property and assumed payment of the debt.

The fact that the property was purchased at the sale by an innocent third party is not controlling in the absence of proper notice. The sale was a nullity and, in such an event, it operates only as an equitable assignment of the mortgage to the third party purchaser. See, Wiltsie Mortgage Foreclosure, §348 (4th ed. 1927). A search of the public records would have disclosed to the intending purchaser the then real owner of the property and lack of proper notice. The rule in sheriff's sale of mortgage foreclosed properties is caveat emptor. See, *Vandyke v. Wells,* 103 Pa. 49 (1883).

Order refusing to open the judgment is affirmed.

Order refusing to set aside the sheriff's sale is reversed.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.