Mid-City Federal Savings and Loan Association of Philadelphia v. Gaines et ux., Appellants.

Argued June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Maxwell L. Davis*, with him *Davis & Davis*, for appellants.

*Edwin S. Malmed*, for appellee.

OPINION PER CURIAM, September 12, 1968:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Defendants, husband and wife, purchased the premises located at 2615 North Chadwick Street, Philadelphia, on January 15, 1953 for $6000.00. On December 30, 1958, the defendants obtained a mortgage on the above premises, and executed a bond and warrant of attorney with plaintiff, Mid-City Federal Savings and Loan Association of Philadelphia, to secure the payment of the mortgage.

The defendants failed to pay the mortgage payments due from September 1, 1966 through December 1, 1966. The amounts being past due, plaintiff filed an averment of default and entered judgment on the bond and warrant of attorney against the defendants on December 13, 1966.

On December 13, 1966, plaintiff also filed an affidavit pursuant to Common Pleas Rule 910 of the Courts of Philadelphia, that stated that it had sent notice of the entry of the judgment and the date, time, and place of the sheriff's sale of the premises. The notices, in the form of separate letters to each of the defendants, were returned to the plaintiff by the Postal authorities on December 29, 1966, marked "Unclaimed."[1] Plaintiff did not then file an affidavit, required by Rule 910, that it had diligently attempted to notify defendants by written notice but such notices were not received.

---

[1] The record discloses that Clifford Gaines, the husband, had suffered a heart attack on December 13, 1966, and was in the hospital until the middle of January. Nina Gaines, the wife, had not lived at the above premises for a number of years.

The property was subsequently sold at sheriff's sale on January 9, 1967, and was purchased for $2100.00. On July 14, 1967, defendants filed a "Petition to Open Judgment and Set Aside Sheriff's Sale." Plaintiff filed an answer to the petition and new matter, to which defendants filed a reply. In addition, depositions were taken by both parties in support of their positions. After oral argument by the parties, the lower court refused to open the judgment. This appeal followed.

Rule 910 of the Courts of Philadelphia, provides:

"(a)  No execution shall issue upon a judgment entered on a bond accompanying a mortgage to condemn or sell the mortgaged premises unless the plaintiff, or some person on his behalf, shall file of record an affidavit setting forth, to the best of his knowledge, information, and belief, the name and address of the real owner or owners of the premises, and that written notice of the date of entry of said judgment, with the court, term, and number thereof, has been sent by registered or certified mail to such owner or owners and to the obligor in the bond.  If the affidavit shall aver that the plaintiff, or the person making the affidavit on his behalf, does not know and has not been able to ascertain the owner or owners of the mortgaged premises or their addresses, or the names or addresses of some of them, or the whereabouts of the obligor, such an affidavit shall be a compliance with this rule as to the owner or owners and obligor whose names or addresses are unknown.

"(b)  At or after the time of the issuance of any writ of execution for the sale of any real estate, the plaintiff, or some person on his behalf, shall give written notice by personal service on, or by registered or certified mail to, the defendant in the writ and to the real owner or owners of the real estate to be sold, stat-

ing the place, date, and hour of the intended sale and the real estate to be sold, which date shall be at least ten days after the giving of such notice as aforesaid, and shall, before the date of the sale, file an affidavit in the office of the prothonotary that said notice has been given in accordance with this rule, or that the plaintiff or the person making the affidavit on his behalf does not know and has not been able to ascertain the real owner or owners of said real estate or their addresses, or the names or addresses of some of them, or the whereabouts of the defendant in the writ, in which case such an affidavit shall be a compliance with this rule as to the real owner or owners whose names or addresses are unknown, or as to the defendant in the writ whose whereabouts is unknown."

Part (a) of the above Rule requires that the plaintiff, or someone on his behalf, send the owners of the premises written notice of the entry of the judgment. Part (b) of the Rule requires that personal service or written notice be given the owners of the property when a writ of execution for the sale of real estate is issued. An affidavit must be filed by the plaintiff to the effect that these notices have been sent to the owners.[2] These notice rules further provide that if the owners of the real property cannot be located by reasonable diligence of the plaintiff, then, the plaintiff may file an affidavit that owners cannot be ascertained or located, and the judgment may be entered and the property may be sold at an execution sale.

Plaintiff contends that it sent registered letters to defendants and filed an appropriate affidavit with the court, and therefore, complied with both parts of Rule 910. Defendants aver, however, that the Rule requires

---

[2] In part (b) of the Rule, the defendant in the writ must be served as well as the real owners, but such notice requirement is inapposite in the case at bar.

not only the sending of notice, but that the property owner must actually receive notice of an entry of a judgment or of an impending sale. I agree.

Although notice sent pursuant to the Rule need not be sent return-receipt requested, our Supreme Court in *Dearnley v. Survetnick*, 360 Pa. 572, 63 A. 2d 66 (1949), has read "notice" to mean that such notice was sent as well as received in order to afford a property owner greater protection.[3] Specifically, the court in *Dearnley* said: "The purpose of the Common Pleas rule[s] is to make sure that *actual notice is received by the defendant* in the execution, and not only, therefore, must such notice be given by personal service or by registered mail, but an affidavit must be filed so as to establish of record that such notice has been given as required by the rule." *Dearnley v. Survetnick*, supra at 575-576. [Emphasis added]

Admittedly, plaintiff did send separate notices to husband and wife by registered mail and filed an affidavit to the effect that such notices had been sent. Upon receiving both certified letters from the postal authorities, which had been marked "12-29-66—Unclaimed," however, the plaintiff was put on notice that the letters were never received. In fact, plaintiff asserted that it knew that defendant Clifford Gaines was in the hospital when the notices were sent and that he did not receive one.

Nor is oral notification a substitute for written notice to comply with Rule 910. Plaintiff in the in-

---

[3] In *Dearnley*, Rule 96 rather than the present Rule 910 was involved. The only change made in the revision of the Rule 96 was to permit notification to be given by either "certified" or "registered" mails. See Act of September 8, 1959, P. L. 829, No. 323, §1. 45 P.S. §101. Since Rule 910 was adopted subsequent to the *Dearnley* decision, it is assumed that the Board of Judges of the Courts of Common Pleas of Philadelphia County did not intend to change the notice requirements propounded therein.

stant case deposed that its agents conversed with defendant Clifford Gaines over the telephone and that all requisite information was told to him concerning the judgment and the impending sale. Defendant Gaines denied that he received such information.

Were we now to accept this type of oral notification as "notice" all executions issued upon a judgment and issuances of writs of execution would be subject to the conjecture of parol evidence in Philadelphia County. Anyone wishing to attempt to upset the entry of a judgment or a sheriff's sale could allege insufficient oral notification, if no written notice was actually received. In such cases, no foreclosing party would ever be assured of finality in the above transactions, and endless controversies would result in litigation with the final determination in each case resting upon the credibility of the parties. The Board of Judges of the Courts of Common Pleas of Philadelphia County surely did not envision such chaos, and specifically required that written notice be given not only to afford an opportunity to a defendant to protect his property interests, but to also accord a foreclosing plaintiff an easy, effective means of proving that defendant was apprised of the entry of judgment or listing of the property for sheriff's sale. See *Stoner v. Higginson,* 316 Pa. 481, at 501, 175 Atl. 527 (1934).

The instant case is an apt example of the problems involved in accepting oral notification under the Rule. The defendant flatly denies that plaintiff ever conversed with him. Consequently, the decision of whether sufficient notice had been given and whether the sale should be upset rested solely in the trial court's discretion as to which of the two parties was more worthy of belief. In light of these facts and the specific reference in the Rule as to "written notice," I would find that written notice must be sent by the

plaintiff and received by the defendant to comply with the Rule, or that an affidavit has been filed to the effect that plaintiff diligently attempted to reach defendant via the mails and such notice was not received. Here, plaintiff knew that defendants did not receive the written notices, yet failed to apprise the Court of this fact by an affidavit.

I would also find that the notices themselves were not in conformity with the Rule. Part (a) provides that "no execution shall issue . . ." until the plaintiff has conformed to the notice provisions of that section. Then, under part (b), "at or after the time of the issuance of any writ of execution," the plaintiff must notify the defendant of the "place, date, and hour of the intended sale." The above two sections call for two distinct acts. The plaintiff must first notify or attempt to notify defendant of a judgment against him. After the Court is satisfied that the defendant has been notified or a bona fide attempt made to do so, it may then issue a writ. After the issuance of the writ, the plaintiff again must notify or attempt to notify the defendant in the writ and the real owner or owners of the real estate to be sold. In other words, the Rule envisions a two step procedure. The first notice, of entry of a judgment, affords a defendant the opportunity to pay the judgment without having his property sold. Furthermore, part (a) envisions a process where the court can independently determine if the plaintiff has reasonably attempted to notify the defendant of the entry of judgment. The second notice can only be sent once the writ has been issued; presumptively, the court has been satisfied that sufficient notice or attempts to notify have been given. If the defendant has failed to satisfy the judgment or cannot be located, the plaintiff may then, and only then, proceed to hold an execution sale. The second

notice also gives the defendant, if previously notified, a second chance to satisfy the judgment.

In this case, the notice of entry of judgment and notice of sale were sent at one time.[4] It is my view, that plaintiff should not have sent a notice of sale under part (b) of the Rules until a writ of execution was issued, rather than combining the notices in one letter. Accordingly, I would find that plaintiff has not properly complied with the separate notice provisions of Rule 910.

The presence of an "innocent" purchaser will not preclude Gaines from seeking to set aside the sheriff's sale. Lack of proper notice may be asserted against the purchaser at the sheriff's sale to void the sale. As was stated recently in *1st Fed. S. & L. Ass'n v. Porter*, 408 Pa. 236, 245 (1962): "The fact that the property was purchased at the [sheriff's] sale by an innocent third party is not controlling in the absence of proper notice. The sale was a nullity and, in such an event, it operates only as an equitable assignment of the mortgage to the third party purchaser. [Citation omitted.] A search of the public records would have disclosed to the intending purchaser the then real owner of the property and lack of proper notice. The rule in sheriff's sale of mortgage foreclosure properties is caveat emptor."

Accordingly in the instant situation, the purchaser at the sheriff's sale did not receive good title. An af-

---

[4] "You are herewith advised that judgment has been entered against you on Mortgage Bond by Mid-City Federal Savings and Loan Association of Philadelphia. The judgment was entered on December 13, 1966 and appears as of the above court, term and number.

"You are also advised that premises 2615 North Chadwick Street, Phila., Pa. will be exposed for sale at the Sheriff's Sale to be held January 9, 1967 at 2:00 o'clock P.M., in Room 653, City Hall, Philadelphia, Pennsylvania."

fidavit was filed by the plaintiff which stated that notice was sent in accordance with Rule 910 and this may have misled the purchaser into believing that plaintiff knew the whereabouts of the defendant and that defendant had actually received written notice. But the purchaser could have protected himself by requesting a return receipt furnished by the post office for registered or certified mail. This would have shown whether defendant actually received the notice. Refusal of the purchaser's request by the plaintiff would make it apparent that the plaintiff did not act in accordance with the rule proviso which requires that in the absence of receipt, a further affidavit must be filed stating that diligent efforts have been made to locate the mortgagor. Instead, the purchaser chose to rely on the self-serving affidavit filed by plaintiff without requiring further proof. This he cannot do.

The doctrine of laches likewise will not preclude defendant from asserting lack of notice.

The sheriff's sale took place January 9, 1967 before defendant received any written notice of foreclosure. It was not until shortly prior to February 25 that the purchaser notified him that he had "bought" the property at the sheriff's sale. On July 14 Gaines filed his petition to set aside the sheriff's sale. Thus, any laches could only have arisen as a result of plaintiff's delay between February 25 and July 14.

We need not decide whether this delay was unreasonable, because no proof was offered to show that it was prejudicial to the purchaser. No improvements were alleged to have been made nor was any other change of position maintained. The purchaser suffers no loss by the mere purchase at the sheriff sale because he may rescind that contract.

As Pomeroy has aptly stated ". . . laches is not like [the statute of] limitation a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced, this inequity being founded on some change in the condition or relations of the property or the parties. Where no one has been misled to his harm in any legal sense by the delay, and the situation has not materially changed, the delay is not fatal. Laches in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly. . . . The question . . . is . . . whether the situation of the adverse party underwent a change during the period which elapsed while the complainant delayed institution of suit." Pomeroy, Equity Jurisprudence, §419d (1941); *cf. Quinn v. American Spiral Spring & Mfg. Co.*, 293 Pa. 152, 141 A. 855 (1928).

Therefore, I would set aside the sheriff's sale.

SPAULDING, J., joins in this dissenting opinion.