428 A.2d 156

INDUSTRIAL VALLEY BANK AND TRUST COMPANY, Appellant,

v.

LAWRENCE VOLUCK ASSOCIATES, INC.

INDUSTRIAL VALLEY BANK AND TRUST COMPANY,

v.

Lawrence VOLUCK and Carol H. Voluck, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed April 3, 1981.

Petition for Allowance of Appeal Denied Aug. 21, 1981.

500

Kenneth F. Carobus, Philadelphia, for Industrial Valley, appellant (at No. 218) and for appellee (at No. 813).

Niels Korup, Philadelphia, for Lawrence Voluck, appellee (at No. 218) and for appellant (at No. 813).

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

* Judge Joseph F. O'Kicki of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

CAVANAUGH, Judge:

The dispute in this case involves two judgments taken by confession. One was entered in Montgomery County against Lawrence Voluck and Carol Voluck. The second judgment was entered in Philadelphia County against Lawrence Voluck Associates, Inc. On August 29, 1977, Lawrence Voluck Associates, Inc. (hereinafter LVA) signed a note in the amount of $114,000 to Industrial Valley Bank (hereinafter IVB). On the same day Lawrence and Carol Voluck (hereinafter the Volucks) executed what was titled a Guaranty Agreement as security for LVA's indebtedness to IVB. Both the note and the Guaranty Agreement contained warrants of attorney to confess judgment.

On July 14, 1978, IVB filed a Confession of Judgment against the Volucks in Montgomery County where they resided. On July 17, 1978, IVB filed a Confession of Judgment against LVA in Philadelphia County where the Corporation was doing business. At that time the alleged amount of the principal due on the note was approximately $68,000.

Subsequently, the Volucks and LVA filed petitions in the respective courts to open the judgments. The Court of Common Pleas of Philadelphia County found that LVA had a meritorious defense and ordered the judgment opened. IVB appeals from this order. The Court of Common Pleas of Montgomery County denied the petition to open. From this order the Volucks have taken an appeal.

The appeals of IVB, No. 218 October Term, 1979 and of the Volucks, No. 813 October Term, 1978 have been consolidated. After careful consideration we reverse the order of the Court of Common Pleas of Philadelphia County, and affirm the order of the Court of Common Pleas of Montgomery County.

One who petitions to open a confessed judgment must act promptly and offer a meritorious defense. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967); *Foerst v. Rotkis,* 244 Pa.Super. 447, 368 A.2d 805 (1976); *Ritchey v. Mars,* 227 Pa.Super. 33, 324 A.2d 513 (1974). Because it is not alleged

that LVA or the Volucks failed to act promptly, the only question before us is whether the lower court abused its discretion in refusing to open judgment for want of a meritorious defense. A petition to open is an appeal to the court's equitable powers and is addressed to the sound discretion of the court; and a reviewing court will not reverse the determination of the lower court absent clear and manifest abuse of discretion. *Foerst v. Rotkis, supra; Triangle Building Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976); *Cheltenham National Bank v. Snelling*, 230 Pa.Super. 498, 326 A.2d 557 (1974). However, the discretion exercised by the lower court must be guided by Rule 2959(e), Pa.R.C.P. which states in pertinent part: "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the Court shall open judgment." Thus the standard of sufficiency the court must employ is that of a directed verdict, viewing all evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense, while rejecting the adverse allegations of the party obtaining the judgment. *Greenwood v. Kodoich*, 239 Pa.Super. 372, 376, 357 A.2d 604, 606.

The defenses which the Volucks and LVA assert in their respective petitions to open are the same. It was claimed that default or demand was a condition precedent to the exercise of the warrants of attorney, and that prior to the entry of both judgments neither a default nor a demand had occurred. IVB argues that default or demand was not a condition precedent to entering judgment.

■ If a warrant of attorney in a confession of judgment clause authorizes entry of judgment by confession only after default, a judgment entered prior to default or without an averment of default is invalid. *Triangle Building Supply and Lumber Co. v. Zerman, supra.* However, absent some restriction as to when judgment may be entered, a judgment note may be entered for the full amount prior to the time it is due and payable. *Pacific Lumber Co. v. Rodd*, 287 Pa.

454, 135 A. 122 (1926); *The Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau*, 153 Pa. 488, 26 A. 220 (1893); *Rose v. Cohen*, 193 Pa.Super. 454, 165 A.2d 264 (1960). Thus the question before us is whether the instruments in question authorize entry of judgment absent default or demand, and, if not, whether demand had been made or a default had occurred.

## I

First we will address the appeal of IVB from the opening of judgment by order of Judge Trommer of the Court of Common Pleas of Philadelphia County. In its opinion the lower court states the following:

> After carefully studying the note in question this court is of the opinion that, at the very least, the terms of the note are ambiguous. The events which constitute defaults under the agreements are described at length in the body of the instrument, and, in conjunction therewith, the rights of the obligee upon the occurrence of an enumerated default are delineated. It therefore seems axiomatic that the occurrence of a default is a condition precedent to the taking of a confessed judgment under the note.

LVA argues that another ambiguity or conflict is found in the note in that the blank at the very beginning of the text of the note contains the term "Demand", thus making the principal amount due only upon demand. However, LVA notes, a further paragraph waives demand. This language is as follows:

> "The Obligors hereby waive ... demand for payment ... and any or all other notices in connection with this note."

Thus, LVA concludes, if demand or default were not conditions precedent to the exercise of the warrant, the consequences would be that IVB could enter judgment and execute on it without any amount having fallen due under the note.

However, the fact that the note is payable upon demand or that the note contains provisions for default is

not inconsistent with the entry of judgment absent demand or default. Both LVA and the lower court apparently assume that upon entry of the confessed judgment the amount of the note automatically becomes due. On the contrary, absent demand or default the judgment serves only as security for a debt payable in the future. *Pacific Lumber Co. v. Rodd; Integrity Insurance v. Rau*, both *supra*. Execution cannot issue until payment is due under the terms of the note.

The case of *Integrity Insurance v. Rau, supra*, involved a similar situation. There several promissory notes were held guaranteeing payment of a bond. Accompanying the bond was a warrant of attorney to confess judgment. There was no condition, limitation or restriction of any kind as to the time when judgment may be entered. At the time judgment was entered three of the notes already became due and had been paid. The remaining five notes had not become due when judgment was entered. The entry of judgment was upheld and the court stated: "The bond is, in terms, for immediate payment, though its subsequent provisions show that it is to be collected only upon a default on the notes; and the authority to confess judgment is immediate, though execution cannot issue until default." 153 Pa. at 491, 26 A. 220.

Thus in *Integrity*, as in the instant case, where the authority to confess judgment is immediate, how or when the note becomes due is of no consequence. As the court in *Integrity* adequately explained:

> The difficulty in the view of the appellee, and apparently of the learned court below, is in failing to distinguish between the present right of the plaintiff to his judgment as security for a debt payable in the future, and the right to execution or satisfaction on a debt presently due. As security, the creditor has a right to as large collateral, and as many different forms of it, as the parties chose to contract for. That is a matter with which the court cannot interfere. But the enforcement of satisfaction, by execution or otherwise, is a matter to be governed by the

rights and equities of the parties, and comes within the jurisdiction of the court. In the present case the creditor did nothing more than enter up his judgment on the bond, as part of the security agreed on. In so doing he was within his strict legal rights, and the court had no authority to interfere with his action.

153 Pa. at 491–492, 26 A. 220.

LVA also argues that to construe the note as permitting the entry of judgment for the full amount of the note absent default renders the acceleration clause meaningless. As seen above, however, this is not correct. If the note did not contain the acceleration clause, upon default execution could only be issued for past due and unpaid installments. *See Rose v. Cohen, supra.* Upon default the acceleration clause authorizes *execution* prior to the original payment schedule, whereas entry of judgment simply serves as a security for indebtedness.

Finally, LVA claims that although the note sets forth with great particularity the security to be received by IVB, the security of the confessed judgment is not one of those elements of security. This claim lacks merit. The warrant of attorney is contained in the note and there is no indication that it was not bargained for. The security to be received by IVB is not listed in any one section of the note, but is stated throughout.

In light of the above we hold that the lower court erred in opening the judgment. Since the authority to confess judgment was immediate, we need not decide whether a demand or default had actually occurred.

## II

Second, we address the Volucks' appeal from the refusal of Judge Brown to open a confessed judgment entered against them by IVB in the Court of Common Pleas of Montgomery County.

As noted above, the Volucks entered into a Guaranty Agreement whereby they became sureties for LVA's indebt-

edness to IVB. The agreement describes the Volucks' liability as "absolute and unconditional, without regard to the liability of any other party or person."

■ The Volucks argue that only when LVA has received a demand from IVB or has defaulted will the Volucks incur any liability to IVB, and that, therefore, the confession of judgment was improper. However, the warrant of attorney in the Guaranty Agreement specifically authorizes the confession of judgment "for the amount of the liability of the undersigned hereunder, whether or not any liability of the undersigned is due." Thus, as with the entry of judgment on the underlying note, there are no conditions precedent to the entry of judgment. In accord with the authorities discussed above, the judgment was properly entered and the lower court was correct in refusing to open the judgment.

We hold that LVA and the Volucks have failed to assert a meritorious defense to the confessed judgments. Therefore, as to the appeal of IVB at No. 218 October Term, 1979, the order of the Court of Common Pleas of Philadelphia County is reversed. As to the appeal of the Volucks at No. 813 October Term, 1979, the order of the Court of Common Pleas of Montgomery County is affirmed.