457 A.2d 961

**The FIRST NATIONAL BANK OF FRYBURG,**

v.

**Edward G. KRIEBEL, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1982.

Filed March 18, 1983.

Alfred H. Lander, Clarion, for appellant.

John H. Drayer, Clarion, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Appellant Edward G. Kriebel appeals the Order of the trial court affirming its Order of December 22, 1980 and refusing Appellant's Petition for Reconsideration and/or Rehearing.

On January 21, 1974 a promissory note in the amount of $105,000 was executed and made payable to Appellee Bank by L & E Inc. The note was signed by: (1) Appellant, in his capacity as President of L & E Inc., (2) Donald W. Deitz, in his capacity as Secretary and Treasurer of L & E Inc., (3) Fred B. Hawk, individually and (4) Appellant, individually. The pleadings and deposition of Appellant indicate that Appellant and Fred B. Hawk signed in their individual capacities as accommodation parties. The note contained a warrant of attorney authorizing entry of judgment by confession.

On June 13, 1979 written demand was made upon Appellant and Fred B. Hawk for the amount due on the note. The Bank confessed judgment on the note in the amount of $13,500 on September 25, 1979 against Appellant only, pursuant to the warrant of attorney contained in the note.

Appellant's Petition to Strike and/or Open Judgment and Stay Proceedings, filed October 30, 1979, was denied by the trial court on December 22, 1980. Appellant's Reconsideration petition was then denied on May 13, 1981 and this appeal followed.

Appellant raises five issues on appeal: (1) whether Appellee Bank conformed to law by confessing judgment against Appellant and not including the other parties who had executed the note, (2) whether the death of Fred B. Hawk, the other accommodation party, revoked the warrant of attorney in the note as to the surviving obligors, (3) whether Appellant presented sufficient evidence to support a meritorious defense to the judgment justifying its opening, (4) whether Appellee Bank's defense of the statute of limitations to Appellant's claim of set off is meritorious and (5) whether Appellee Bank's defense of negligence to Appellant's claim of misconduct was proper.

We note initially that a petition to open a judgment is an appeal to the equitable and discretionary powers of the trial court. *First Pennsylvania Bank, N.A. v. Lehr*, 293 Pa.Super. 189, 438 A.2d 600 (1981); *Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc.*, 285 Pa.Super. 499, 428 A.2d 156 (1981). The facts as alleged must be viewed by the court in the exercise of its discretion in the light most favorable to the moving party and the court must accept as true all evidence and reasonable and proper inferences flowing therefrom. *First Pennsylvania Bank, N.A. v. Lehr, supra;* Pa.R.C.P. 2959(e).[1]

1. Pa.R.C.P. 2959(e) states:

   **Rule 2959.  Striking Off or Opening Judgment; Pleadings; Procedure**

   . . . . .

■ Generally, a reviewing court will limit review of proceedings to open a judgment entered by confession or upon a warrant of attorney to ascertain whether the discretion of the trial court was properly exercised, and will reverse only if an abuse of discretion or manifest error is shown. *Funds for Business Growth, Inc. v. Woodland Marble and Tile Co.*, 443 Pa. 281, 278 A.2d 922 (1971); *Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc., supra.*

■ If any doubt exists regarding the propriety or effect of a warrant of attorney authorizing confession of judgment, that doubt must be resolved against the party in whose favor the warrant is given. *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977).

Appellant first contends that the trial court should have stricken the judgment because Appellee Bank was required to have confessed judgment against *all* parties who executed the note, as opposed to Appellant alone.

The test for striking a confessed judgment was set forth in *Fourtees Co. v. Sterling Equipment Corp.*, 242 Pa.Super. 199, 205-6, 363 A.2d 1229, 1232 (1976):

A motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. See, e.g., *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic & Pacific Tea Co., Inc.*, 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case*, 427 Pa. 631, 235 A.2d 592 (1967); . . .

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

*See also, Solebury National Bank of New Hope v. Cairns, supra.*

■ The note itself states "... I, we, or either of us, promise to pay...", as to the obligation. This language makes the obligation both joint and several. *Croasdell v. Tallant*, 83 Pa. 193 (1876); *see also* 13 Pa.C.S.A. § 3118(5).[2]

Appellant signed the note both in his representative capacity as president of L & E Inc. and individually, along with Fred B. Hawk. Therefore, Appellant's signature as an individual makes him a co-maker on the note. *See Philadelphia Bond & Mortgage Company v. Highland Crest Homes, Inc.*, 235 Pa.Super. 252, 340 A.2d 476 (1975). As a maker, Appellant was liable for payment on the note. 13 Pa.C.S.A. § 3413(a).[3] Appellant's status as accommodation party, as well as co-maker, does not affect his liability as co-maker under the instant facts.

■ Therefore, as the obligation was joint and several and because, on the face of the record, Appellant signed the note individually as co-maker, he is liable for payment of the entire obligation individually. We find no error by the trial court in refusing to strike the judgment on this issue.[4]

The second issue is whether the death of Fred B. Hawk revoked the warrant of attorney as to the surviving obligors of the note.

■ The death of a maker to an instrument terminates the warrant of attorney to confess judgment. *First Federal Savings & Loan Association of Greene County v. Porter*, 408 Pa. 236, 183 A.2d 318 (1962); *Fidelity Bank v. Gorson*, 296 Pa.Super. 1, 442 A.2d 265 (1982). However, a judgment may be entered against the survivor of a number of obligors. *First Federal Savings & Loan, supra.*

2. Act of November 1, 1979, P.L. 255, No. 86, § 1, eff. January 1, 1980. Formerly 12A P.S. § 3–118(e).

3. Formerly 12A P.S. § 3–413(1).

4. Appellant's proper recourse would be for reimbursement from the other makers. See 13 Pa.C.S.A. § 3415(e), formerly 12A P.S. § 3–415(5).

■ Therefore, the death of Fred B. Hawk merely extinguished the warrant of attorney as to him, not as to the remaining obligors. Therefore, we find no error by the trial court.

The third issue concerns whether sufficient evidence to support a meritorious defense was presented by Appellant.

■ One who petitions to open a confessed judgment must act promptly and offer a meritorious defense. *Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc., supra.*

It appears that the Petition to Strike or Open was filed promptly, thirty-five days after judgment was entered.

Appellant alleges as his defenses to the entry of judgment that (1) it was improper for the Bank to have attempted collection of the note against Appellant as accommodation party when no attempt had been made to collect against L & E Inc., (2) that a transfer of funds from the account of L & E Inc. to Donald W. Deitz, allegedly to satisfy Deitz' personal obligations, was prohibited under the banking laws and therefore constitutes a set off against the note's obligation, and (3) that said transfer of funds constituted a breach of trust by the Bank, thereby constituting a set off to the instant judgment.

Initially, we should note the defenses available to an accommodation party:

Section 3606(a) [5] states:

**§ 3606. Impairment of recourse or of collateral**

(a) General rule.—The holder discharges any party to the instrument to the extent that without the consent of such party the holder:

(1) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharg-

5. Formerly 12A P.S. § 3-606(1).

es such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary; or

(2) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.

.    .    .    .    .

Also, as stated in J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code,* pp. 428–9 (1972),

A surety who has signed an instrument is like other parties in that he is generally liable in the capacity in which he signed. Unlike other parties the surety may have special defenses, for: (1) he is not liable to the party accommodated (3–415(5)) [3415(e) ] (even if his contract on the instrument would normally make him liable to such person); (2) he may be discharged if the holder "releases or agrees not to sue" the party accommodated or extends the time for payment or otherwise "suspends" the right to enforce his obligation against the party accommodated, and (3) he may be discharged if the holder "unjustifiably impairs any collateral for the instrument" (for example, fails to perfect a security interest).

*See also* 13 Pa.C.S.A. § 3415(e).[6]

Also, Appellant as accommodation party may assert any contractual defense available to the principal debtor, as against one not a holder in due course. *See* 12A P.S. § 3–415, comment 1;[7] J. White and R. Summers, *Handbook*

6. Formerly 12A P.S. § 3–415(5).

7. Although the Uniform Commercial Code comments do not currently appear in Title 13, section 7 of the Act of Nov. 1, 1979, P.L. 255, No. 86 states:

Section 7. Legislative intent.—In enacting this act, it is the intent of the General Assembly to transfer the former provisions of the act of April 6, 1953 (P.L. 3, No. 1), known as the "Uniform Commercial Code," reenacted, amended and revised October 2, 1959 (P.L. 1023, No. 426), to Title 13 of the Pennsylvania Consolidated Statutes

*of the Law Under the Uniform Commercial Code*, pp. 440–3 (1972).

In the instant case, Appellant has neither asserted, nor does the record reveal, any valid defense available under the instant action to strike or open the judgment.

■ Concerning the first defense, as a co-maker, Appellant was directly liable on the note and Appellee Bank was not required to attempt collection initially against L & E· Inc., as stated *supra*.

Therefore, Appellant's claim is meritless.

■ Appellant's second and third defenses contained in his third issue both involve an alleged set off to the judgment entered.

The law is well settled that an unliquidated set off is not grounds for opening a judgment confessed under warrant of attorney, absent fraud. *Harrison v. Galilee Baptist Church*, 427 Pa. 247, 234 A.2d 314 (1967). The alleged set off claimed by Appellant is clearly unliquidated.

Appellant's reliance on *Yezbak v. Croce*, 370 Pa. 263, 88 A.2d 80 (1952) is misplaced. In *Yezbak*, evidence was presented concerning an oral agreement to use certain credit as a set off against a mortgage obligation. No such evidence of an agreement to set off is present in the instant case.

Therefore, even if such a defense is available to Appellant as an accommodation party, it would have to be raised in a separate action by Appellant.

Upon a complete review of the record, we find that the trial court did not abuse its discretion in refusing to open the judgment based on the allegations of improper transfer of funds. *See Aimco Imports, Ltd. v. Industrial Valley Bank & Trust Co.*, 291 Pa.Super. 233, 435 A.2d 884 (1981).

(relating to commercial code) without effecting a change in substantive law and the act shall be interpreted and construed to effectuate this intent.
We deem this to mean that the comments to the U.C.C. remain in effect in Title 13.

As to Appellant's last two issues, we hold them to be meritless, based on our determination of issue three.

The order dated May 13, 1981 is affirmed.