CARRIAGE PROPERTIES, INC.,
Plaintiff/Respondent,

v.

India ARRINGTON and Arring-
ton Organization, Ltd., De-
fendants/Petitioners.

No. 93–CV–2755.

United States District Court,
E.D. Pennsylvania.

Jan. 3, 1994.

of a bowling alley. The judgment note required that plaintiff receive a $450,000 disbursement if the transaction did not close within ninety days of the execution of a commitment letter. Closing did not occur within that time frame, and plaintiff filed a complaint for confession of judgment with this Court on May 24, 1993.

Defendants now assert six reasons in the petition why the judgment should be opened. First, the judgment note was procured by fraud. Second, the judgment note was satisfied and therefore was void. Third, performance by defendants under the mortgage loan commitment was prevented by another party. Fourth, performance by defendants under the mortgage loan commitment was impossible. Fifth, there has been a set-off against the confessed judgment. Finally, defendants allege that the assignment of an agreement of sale for certain property was intended to release them from the judgment note, and therefore it has been satisfied. However, for the reasons stated more fully below, we reject defendants' arguments and will deny the petition to open the judgment.

John J. Koresko, V, Koresko & Noonan, P.C., Norristown, PA, for plaintiff/respondent.

Michael T. Whitlow, Michael T. Whitlow & Associates, Coatesville, PA, for defendants/petitioners.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter involves a petition filed by defendants India Arrington and Arrington Organization, Ltd., to open a judgment by confession which was entered against them on May 25, 1993. A judgment note had been previously signed by defendants in conjunction with a mortgage loan commitment between the defendants and plaintiff, Carriage Properties, Inc. Under the terms of the mortgage loan commitment, defendants promised to lend plaintiff eleven million seven hundred and eighty thousand dollars ($11,780,000.00) for the acquisition of an existing shopping center and the construction

### Standard

■ Both parties have included the standards under Rule 2959(e) of the Pennsylvania Rules of Civil Procedure, which pertains to opening judgments filed in state court. However, a petition to open a judgment entered by confession filed in federal court is governed by Rule 60(b) of the Federal Rules of Civil Procedure. *Central W. Rental Co. v. Horizon Leasing*, 967 F.2d 832, 836 (3rd Cir.1992); *Girard Trust Bank v. Martin*, 557 F.2d 386, 389–90 (3rd Cir.1977), *cert. denied*, 434 U.S. 985, 98 S.Ct. 612, 54 L.Ed.2d 479 (1977); *Resolution Trust Corp. v. Forest Grove, Inc.*, No. CIV. A. 92–6707, 1993 WL 349429, at 2 (E.D.Pa. Sept. 8, 1993). Rule 60(b) states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for … any … reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b) (1992). While the district court's decision to open the judgment is discretionary, it must consider whether

opening the judgment would prejudice the plaintiff, whether the judgment was the result of defendant's culpable conduct and whether defendant has a meritorious defense. *Central W. Rental,* 967 F.2d at 836; *Pennsylvania Nat'l Bank & Trust Co. v. American Home Assurance Co.,* 87 F.R.D. 152, 154–55 (E.D.Pa.1980). The threshold question is whether defendants have alleged any facts which would constitute a meritorious defense to the cause of action if established at trial. *Central W. Rental,* 967 F.2d at 836; *Resolution Trust Corp.,* 1993 WL 349429 at 2. Defendants must produce credible factual allegations of their meritorious defense, and if they cannot sustain their burden, the petition to open the judgment must be denied. *Pennsylvania Nat'l Bank,* 87 F.R.D. at 155.

### Discussion

■ We turn now to the consideration of whether defendants have met their burden in alleging a meritorious defense. Defendants first state that the judgment note was procured by fraud. In both the petition to open the judgment, as well as the memorandum in support, defendants allege a confusing, incomprehensible scheme whereby they claim they were defrauded into signing the judgment note. Defendants essentially claim that Mr. Fred Greene, who acted as defendants' agent, had no authority to make any financial commitments on their behalf. They further claim that somehow they were induced into thinking that they were being represented by Attorney John J. Koresko, who is plaintiff's attorney, with respect to a joint venture agreement. Attorney Koresko allegedly stated that the judgment note was merely a formality in Pennsylvania, and was only necessary in order for plaintiff to secure a loan for the joint venture agreement, and would not be executed by plaintiff. Based on these representations, and the fact that defendant India Arrington was critically ill, defendants were induced into signing the judgment note.

Defendants' allegations continue for several rambling pages, whereby defendants maintain that Mr. Koresko was actually a party to these transactions, and the money was actually going to him under the agreement. Regardless of what defendants claim however, they have not presented a meritorious defense because they have only made unintelligible statements unsupported by any proof. While defendants attempt to support their claims with various documents attached to their petition, the majority of the documents are unsigned, or if they are signed, only one signature is present thus evidencing that the document was not agreed upon by both parties. For instance, to support their claim that Mr. Koresko was acting as their attorney, defendants attach a power of attorney document with Mr. Koresko's signature on it. However, the signature line for the signature of a witness is blank, thus evidencing that this is not a binding document. Likewise, defendants do not attempt to attach any affidavits, depositions or the like, to lend any credibility to their convoluted allegations. Simply put, defendants present no evidence of a defense of fraud which would justify opening the judgment in this case.

On the other hand, plaintiff refutes defendants' arguments, and even attaches an affidavit of Walter McGrath, plaintiff's president, as well as an affidavit of Fred Greene, who swears he was hired by defendant Arrington to negotiate the terms of the funding and to implement the deal on her behalf. Mr. Greene's extensive affidavit refutes all of defendants' allegations, and suggests that Ms. Arrington, who was represented by her own attorneys, knew precisely what she was doing when she signed the judgment note. Thus, in light of plaintiff's evidence, and the lack of evidence presented by defendants, defendants have not sustained their burden with respect to their defense of fraud. *See Girard Bank,* 557 F.2d at 390 (no abuse of discretion in refusing to open the judgment where defendant's allegations of fraud were overly general, obscure and conclusory).

■ Defendants' evidence supporting its other defenses is similarly lacking. Defendants next claim that the conditions of the judgment note were satisfied, therefore it was void. Without going into each of these specific conditions, none of the documents submitted by defendants evidence that the conditions of the note were satisfied. The

documents again consist of unsigned "agreements" which do not evidence that defendants performed as required. There is also a letter from Ms. Arrington instructing Pershing Securities to transfer a certain amount of money upon receipt of the $450,000 deposit owed by plaintiff. Although one of the conditions of the judgment note was that Ms. Arrington deposit $2,500,000 upon receipt of plaintiff's deposit, this letter does not demonstrate this condition was ever satisfied. First, given that the letter is in the future tense, it does not evidence that Ms. Arrington actually ever deposited the money. Second, she only directs that $2,000,000 be deposited, and not $2,500,000. Defendants' other evidence is equally lacking. As such, defendants fail to prove they have a meritorious defense with respect to the judgment note being satisfied.

■ Defendants next claim that because plaintiff filed the confession of judgment against defendants, they were prevented from performing all of the obligations under the judgment note. This ridiculous allegation barely deserves attention other than to say that the confession of judgment was filed in May because the obligations under the note had not been performed by defendants. As such, defendants fail to prove that this defense, as well as their fourth defense of impossibility of performance, have any merit whatsoever.

■ Defendants' remaining allegations are equally meritless. As to defendants' argument that there has been a set-off against the confessed judgment, defendants only state that they have incurred certain expenses with regard to the judgment note that plaintiff has agreed to pay, and these expenses have exceeded the judgment note. Defendants further state that plaintiff has obtained certain monies by levying on defendants' assets, therefore any amount owed to plaintiff is extinguished. These arguments fail for two reasons however. First, these allegations are conclusory and defendants state no facts and present no proof pertaining to any alleged agreement to pay by plaintiff, or how much money, if any, has been obtained by plaintiff and expended by defendants. Second, it is clear that a judgment will not be opened merely for defendant to assert a set-off. *Federal Deposit Ins. Corp. v. Barness*, 484 F.Supp. 1134, 1141 (E.D.Pa. 1980); *First Nat'l Bank of Fryburg v. Kriebel*, 311 Pa.Super. 428, 457 A.2d 961, 965 (1983). The exception to this rule is where the "subject matter of defense is attached to the judgment or the consideration on which it rests." *Bell Fed. Sav. & Loan Assoc. of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 435 A.2d 1285, 1288 (1981). However, defendants allege no facts demonstrating that the exception applies in this case, nor is there anything in the judgment note evidencing any promise by plaintiff to pay in conjunction with the judgment note. Without any other facts from defendants, we cannot be expected to speculate what the set-off is in this case, or whether it falls within the exception. As such, defendants' lack of clarity and proof renders this defense meritless.

■ Finally, defendants assert that they assigned their interests to plaintiff, and therefore were not obligated to pay the $450,000 under the note. While it appears defendants assigned their interests regarding an agreement of sale between defendants and 196 Development Group, Inc. to plaintiff, this has nothing to do with the judgment note between defendants and plaintiff. Further, plaintiff provides an affidavit of Mr. Greene stating that the assignment did not affect the judgment note, as well as a letter from Ms. Arrington dated after the assignment occurred, promising to pay the $450,000 if the loan was not funded. In light of such evidence, defendants' defense is meritless.

### Conclusion

In sum, defendants have failed to sustain their burden in proving that a meritorious defense exists in order to open the judgment. Although defendants allege six possible defenses, none of them are supported by any credible evidence, whereas plaintiff completely rebuts all of the arguments with sworn affidavits, and signed, dated documents. Given that defendants have failed to sustain their burden, the petition to open the judgment must be denied. An appropriate order follows.

*ORDER*

AND NOW, this 3rd day of January, 1994, upon consideration of defendants' petition to open the judgment entered by confession on May 25, 1993, and plaintiff's response thereto, it is hereby ORDERED that defendants' petition is DENIED. It is further ORDERED that plaintiff's motion for Rule 11 sanctions against defendants and their counsel is DENIED.